IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC ZOOK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No: 1:06cv00164 (RWR) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: April 3, 2006.            Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC ZOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06cv00164 (RWR) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

QUESTION PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The complaint fails to allege that plaintiff has filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Isaac Zook, filed this complaint on January 27, 2006. The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1999", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list

of statutes from the Internal Revenue Code. (Compl. ¶¶ 1, 7.)1/ On March 8, 2006, plaintiff Isaac Zook filed returns of service showing that Julia Zook served the Attorney General and the United States Attorney for the District of Columbia by certified mail. (*See* PACER ## 2.) But, Julia Zook did not sign the returns of service under penalties of perjury. (*See id.*) Rather, Isaac Zook signed the returns of service. (*See id.*)2/

2. <u>Relief sought in the complaint</u>. Plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant." (Compl. ¶ 32.)3/

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶¶ 7, 32.) This Court does not have jurisdiction over

---

1/ Plaintiff's case is one of more than 50 known cases filed in this Court with substantially similar complaints and/or allegations.

2/ The United States questions the authenticity of the returns of service. With respect to service on the U.S. Attorney, the article number on Form 3811 (7005 1160 0002 1863 4907) does not match the article number on Zook's return of service (7005 1820 0000 3575 2513). Moreover, Zook's return of service states that service was effected on March 6, 2006, when Form 3811 reflects a service date of February 13, 2006. With respect to service on the Attorney General, Form 3811 does not have an article number. The article number provided on Zook's return of service (7005 1820 0000 375 2513) is incomplete. Further, it does not match the article number on the envelope received by the Attorney General (7005 1160 0002 1863 4891). Moreover, Zook's return of service states that service was effected on March 6, 2006, when Form 3811 reflects a service date of February 13, 2006.

3/ Plaintiff also may be seeking declaratory relief. (*See* Compl. ¶ 31.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

      Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiff asserts that he "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Compl. ¶¶ 6, 30.)4/  Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

---

      4/  Plaintiff also states, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies."  (Compl. ¶ 26.)  He then concludes by stating that "[e]ven assuming some minor defect in [his] administrative claim, requiring [him] to again pursue administrative remedies would amount to nothing more than futile exhaustion."  (*Id.*)

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

DATE: April 3, 2006.

                                        Respectfully submitted,

                                        /s/ Jennifer L. Vozne
                                        JENNIFER L. VOZNE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Phone/Fax:  (202) 307-6555/514-6866
                                        Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 3rd day of April, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> ISAAC ZOOK
> Plaintiff *pro se*
> 119 Colonial Road
> Gordonville, PA 17529

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1623673.1