IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ISAAC ZOOK,                          )
                                     )
              Plaintiff,             )
                                     )
       v.                            )          No: 1:06cv00164 (RWR)
                                     )
UNITED STATES,                       )
                                     )
              Defendant.             )

## UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

The United States submits this reply to address two points raised by plaintiff in his opposition to the motion to dismiss.1/  The United States otherwise relies on its motion to dismiss.

## STATEMENT

This is a civil action in which plaintiff alleges that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.  Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.  The United States moved to dismiss asserting that the Court lacks subject matter jurisdiction as plaintiff failed to demonstrate that he exhausted administrative

---

1/  Plaintiff also asserts that sanctions under Fed. R. Civ. P. 11 should be imposed.  (Pl. Opp. at 1.) Plaintiff's request for sanctions should be denied.  Plaintiff does not allege, nor can he, that he complied with the requirements of Fed. R. Civ. P. 11(c)(1)(A).  Further, plaintiff's request lacks even an iota of merit.  For example, plaintiff asserts that the United States erroneously asserted that the Court lacks personal jurisdiction.  (*See* Pl. Opp. at 1.)  The United States did not argue this in its motion.  (*See* Mot. to Dismiss.)  More importantly, since the United States' motion to dismiss is well-founded in law, there is certainly no basis for requesting sanctions.

remedies.  Plaintiff asserts that he need not exhaust administrative remedies.

Alternatively, plaintiff asserts that the regulation is invalid.2/

ARGUMENT

I.

PLAINTIFF MUST EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90

(D.C. Cir. 1986), asserts that there is an exception to the requirement to exhaust

administrative remedies.  (Pl. Opp. at 3-12.)  Plaintiff's reliance is misplaced.

In waiving its immunity from suit, the United States may attach such conditions

to the waiver as it deems proper, and in order to institute a suit against the United

States, there must be strict compliance with all those conditions.  *United States v.

Sherwood*, 312 U.S. 584, 586 (1941).  The party bringing suit must show that the United

States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360

F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298

U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9ᵗʰ Cir. 1987).  Section 7433 of

the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States'

waiver of sovereign immunity with respect to suits for wrongful collection actions.

Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v.

_____

2/ Plaintiff may also be attempting to assert jurisdiction under the
Administrative Procedures Act ("APA").  (Pl. Opp. at 20.)  The APA does not provide
jurisdiction.  Actions under the APA are barred if they concern the assessment or
collection of federal taxes, as this action does. *See Foodservice and Lodging Institute, Inc. v.
Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129,
131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).

*United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994);

*Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950

F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D.

Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli &*

*Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).

Assuming *arguendo* that the requirement to exhaust is not a bar to the Court's

jurisdiction, plaintiff failed to demonstrate that waiver is appropriate.  In a similar case,

the court found that, assuming the exhaustion requirement were "non-jurisdictional,"

plaintiffs failed to meet the high standards necessary to demonstrate that waiver is

appropriate.  *See Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, *9-12 (D.D.C. 2006).

Plaintiff asserts that the IRS has articulated a clear position it is unwilling to consider.3/

(Pl. Opp. at 3.)  Plaintiff fails to assert that he attempted compliance with the regulation

by submitting a valid administrative claim, thus the IRS has not articulated a clear

position that it will not consider any administrative claim for damages.  Additionally,

plaintiff failed to demonstrate that his "interest[] in immediate judicial review

---

3/  Plaintiff filed a document entitled "Addendum to Complaint No. 1."  He
appears to be asserting that the documents attached to the addendum demonstrate that
the IRS has articulated that it is unwilling consider plaintiff's claim for damages.  This is
untrue.  Noticeably absent from this addendum is any correspondence by the plaintiff.
Again, plaintiff has failed to demonstrate that he has ever asked for damages, let alone
file a proper administrative claim for damages.  Moreover, the IRS never states that it
cannot or will not consider a claim for damages.  The correspondence consists of (1)
notices of intent to levy, (2) notices of levy, (3) request for additional time to respond to
taxpayer inquiry, (4) IRS administrative summonses, (5) notification of failure to file
returns, (6) notice of filing a federal tax lien, and (7) two letters apparently responsive to
plaintiff's correspondence challenging the constitutionality of federal tax laws.

outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that his "administrative remedy is 'inadequate'." *See, e.g., Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12.

## II.

### THE REGULATION IS VALID.

Plaintiff asserts that he need not exhaust administrative remedies as the regulation is invalid. (Pl. Opp. at 5, 12-20.) This is incorrect; the regulation is valid. Plaintiff alleges that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. at 5.) Plaintiff's claim of regulatory invalidity fails for two reasons.

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, his claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations

implement the statute in some reasonable manner.  *Id.* at 843-45.  The standard of

validity is not whether the agency's construction is the *only* permissible reading, or even

the "best" among permissible readings, or whether the regulation reaches a result that

the court would have reached if the issue had first been presented in a judicial

proceeding.  *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001).

Rather, if the challenged regulation represents a reasonable policy choice within an area

intentionally or inadvertently left open by Congress, the regulation should be upheld.

*Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X

Internet Services*, 125 S.Ct. 2688, 2699 (2005).

     Under *Chevron*'s two-step procedure, the first inquiry is whether the statute

directly and conclusively addresses the precise question at issue.  If the statute does not

provide the answer, being either silent or ambiguous, the next step mandates upholding

the agency's interpretation as long as the agency's construction "is a reasonable policy

choice for the agency to make."  *Chevron*, 467 U.S. at 845.  Congress explicitly directed

the Secretary of the Treasury to issue "all needful rules and regulations" for the

enforcement of the Internal Revenue Code.  26 U.S.C. § 7805(a).  It is well settled that a

court should ordinarily defer to the regulation if it implements the congressional

mandate in some reasonable manner.  *National Muffler Dealers Ass'n v. United States*, 440

U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v.

Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C.

2006) (Kollar-Kotelly).  To determine whether the regulation carries out the

congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I).  After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies.  *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994).  In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment.  Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court.  *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government.  The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted.  To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under

-7-

the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.4/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress'

---

4/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review.  The regulation is plainly valid.

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: May 12, 2006.                    Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

supporting MEMORANDUM, and proposed ORDER were caused to be served upon

plaintiff *pro se* on the 3rd day of May, 2006, by depositing a copy in the United States'

mail, postage prepaid, addressed as follows:

ISAAC ZOOK
Plaintiff *pro se*
119 Colonial Road
Gordonville, PA 17529


/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1697230.1