**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ISAAC ZOOK,                    )
                               )
          Plaintiff,           )
                               )
     v.                        )     Civil Action No. 06-164 (RWR)
                               )
UNITED STATES,                 )
                               )
          Defendant.           )
_____)
```

**MEMORANDUM OPINION**

Pro se plaintiff Isaac Zook has sued the United States for damages under 26 U.S.C. § 7433, alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him.  The government has filed a motion to dismiss under Fed. R. Civ. 12(b).  Because Zook did not exhaust his mandatory administrative remedies, the government's motion to dismiss will be granted.[1]

DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted,[2] a court must accept all

---

[1] Because the complaint will be dismissed for failure to exhaust administrative remedies, it is unnecessary to address the government's concerns as to the authenticity of the returns of service filed.

[2] Although the government characterized its motion relating to exhaustion of remedies as one for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), failure to exhaust administrative remedies is more properly analyzed as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Arbaugh v. Y&H

-2-

the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff.  Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir. 1997).  "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff's favor, the court finds that the plaintiff has failed to allege all the material elements of his cause of action."  Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted).  Stated differently, a dismissal for failure to state a claim upon which relief may be granted is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

   Section 7433 of the Internal Revenue Code authorizes a taxpayer to bring a civil action for damages against any officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence disregards any provision" of the Code or its

---

Corp., 126 S. Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character."); accord Turner v. United States, -- F. Supp. 2d. --, 2006 WL 1071852, *3-4 (D.D.C. 2006) (applying Arbaugh to analyze a failure to exhaust administrative remedies as an element of a claim).  Here, the government's motion to dismiss for lack of subject matter jurisdiction will be construed and analyzed as a motion to dismiss for failure to state a claim upon which relief may be granted.

-3-

implementing regulations, but also provides that "[a] judgment

for damages shall not be awarded . . . unless the court

determines that the plaintiff has exhausted the administrative

remedies available to such plaintiff within the Internal Revenue

Service." § 7433(a) & (d)(1).  The IRS regulations identifying

the required remedies to be exhausted prior to filing a civil

action for damages are set forth at 26 C.F.R. § 301.7433-1.

These regulations require an aggrieved taxpayer to submit his or

her claim "in writing to the Area Director, Attn: Compliance

Technical Support Manager[,] of the area in which the taxpayer

currently resides," and further require that the claim include:

> (i) The name, current address, current home and work
> telephone numbers and any convenient times to be
> contacted, and taxpayer identification number of the
> taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim
> (include copies of any available substantiating
> documentation or correspondence with the Internal
> Revenue Service);

> (iii) A description of the injuries incurred by the
> taxpayer filing the claim (include copies of any
> available substantiating documentation or evidence);

> (iv) The dollar amount of the claim, including any
> damages that have not yet been incurred but which are
> reasonably foreseeable (include copies of any available
> substantiating documentation or evidence); and

> (v) The signature of the taxpayer or duly authorized
> representative.

-4-

26 C.F.R. § 301.7433-1(e).  Only if such a claim is filed may the taxpayer proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1)&(2).[3]

I.    EXCEPTION TO THE EXHAUSTION REQUIREMENT

Zook does not claim that he followed the procedures set forth in § 301.7433-1(e).[4]  Rather, he contends that the exhaustion requirement does not apply where an adverse decision is certain, and in particular, where the agency has articulated a clear position on an issue and has demonstrated an unwillingness to reconsider.  (See Pl.'s Opp'n at 3 (citing Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986)).  However, neither the statute nor the implementing regulation provides an adverse decision exception to the exhaustion requirement of administrative remedies.  Where, as here,

_____

[3] For a period between 1996 and 1998, failure to exhaust the administrative remedies did not act as a bar to a civil action, but since 1998 it has acted as a bar.  See Evans v. United States, Civ. A. No. 06-32, Mem. Op. at 3 (D.D.C. May 4, 2006). Zook filed this suit in 2006.

[4] In his complaint, Zook asserts that "[p]laintiff(s) have exhausted administrative remedies in that plaintiff(s) has/have written numerous requests for documents and authorities which require responses from the IRS."  (Compl. ¶ 9 (emphasis added).) He attaches an affidavit to the complaint attesting to substantially the same history of correspondence.  (Compl. Att. 1 (noting that he has requested records of assessments and a refund, and then concluding that he has exhausted all administrative remedies).)  However, requesting records or a refund from the IRS is not a substitute for submitting a damages claim to the IRS as 26 C.F.R. § 301.7433-1(e) requires.  See Scott v. United States, 416 F. Supp. 2d 116, 119 (D.D.C. 2006).

-5-

exhaustion is a statutory mandate, a court may not carve out an
exception unsupported by the statutory text.  <u>See</u> <u>McCarthy v.
Madigan</u>, 503 U.S. 140, 144 (1992) (stating that "[w]here Congress
specifically mandates, exhaustion is required"); <u>Avocados Plus,
Inc. v. Veneman</u>, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating
that "[i]f [a] statute does mandate exhaustion, a court cannot
excuse it") (citing <u>Shalala v. Ill. Council on Long Term Care,
Inc.</u>, 529 U.S. 1, 13 (2000)).  Moreover, even under circumstances
in which the exhaustion requirement is not explicitly mandated by
statute, courts have said that an implied "exhaustion requirement
may be waived in 'only the most exceptional circumstances.'
. . .  Even the probability of administrative denial of the
relief requested does not excuse failure to pursue [the
administrative remedies]."  <u>Randolph-Sheppard Vendors of Am.</u>, 795
F.2d at 106 (citations omitted).  Accordingly, Zook's argument
that he was not required to exhaust the administrative remedies
prescribed by regulation must fail.

II.  VALIDITY OF EXHAUSTION REGULATION

      Zook also contends that the regulation prescribing the
required administrative remedies is invalid because the six-month
waiting period is "extreme" and unfair, and is more restrictive
than authorized by Congress.[5]  <u>See</u> Pl.'s Opp'n at 12-13.  The

_____

      [5]  Zook also claims that administrative remedies were not
available to him until 2003 when the IRS promulgated amendments
to 26 C.F.R. § 7433-1 to conform it to the 1996 and 1998

-6-

validity of a regulation is assessed by the analysis framed in
Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467
U.S. 837 (1984), requiring a determination of whether "Congress
has directly spoken to the precise question at issue." Id. at
842-43.[6]  Where the statute is either "silent or ambiguous with
respect to the specific issue," id. at 843, "such as to make it
appear that Congress either explicitly or implicitly delegated
authority to cure that ambiguity," Am. Bar Ass'n v. FTC, 430 F.3d
457, 469 (D.C. Cir. 2005), then the question is whether the
agency's regulation reflects a "permissible construction" of the
statute.  Chevron, 467 U.S. at 843.  When Congress has delegated
authority to cure the ambiguity, the agency's construction is
granted deference.  Id. at 845.  When the agency's regulation
stems from a statute it administers, deference to the agency's
construction of the statute is at its apex.  See United States v.
Mead Corp., 533 U.S. 218, 226-27 (2001).  In short, deference to
the agency construction is greatest where "it appears that
Congress delegated authority to the agency generally to make

_____

Congressional amendments.  However, the procedure for filing an
administrative claim has been available since 1992, and remained
available following the 1996 and 1998 amendments to 26 U.S.C.
§ 7433.  See 57 Fed. Reg. at 3537; 26 C.F.R. § 7433-1(e) (1997);
26 C.F.R. § 7433-1(e) (1999); Evans, Mem. Op. at 3, 5 n.3
(discussing same).

     [6]  If the statute speaks directly to the issue in plain and
unambiguous terms, the analysis ends there and the express intent
of Congress is to be given effect.  Chevron, 467 U.S. at 842-43;
Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

-7-

rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." Mead Corp., 533 U.S. at 226-27.

Here, although § 7433(d)(1) conditions a damages award on a finding that "the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service[,]" it is silent on the precise exhaustion procedures to be administered. Congress granted explicit authority to the IRS to "prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue." 26 U.S.C. § 7805(a). See also, Evans v. United States, Civ. A. 06-32, Mem. Op. at 7 (noting that the legislative history buttresses this conclusion). Here, the question -- on which the agency is entitled to deference -- is whether the exhaustion regulation represents a reasonable construction of the statute.

The IRS regulation prescribes a straightforward and simple process constituting exhaustion of internal remedies. The information that a taxpayer must provide to satisfy the requirements of the regulation consists of the taxpayer's identification and contact information, "[t]he grounds in reasonable detail, for the claim," "[a] description of the injuries incurred," and the "dollar amount of the claim." 26

-8-

C.F.R. § 301.7433-1(e).  This is basic information that the IRS
needs to investigate a taxpayer's claim and make an informed
determination.  (See Def.'s Reply at 8.)  Applying the
deferential standard for a regulation implementing a statute the
IRS must administer, the IRS's exhaustion regulation is a
reasonable one, and Zook's argument must be rejected.

    Zook also argues that the regulation implementing the
statute is excessively restrictive in light of the statute, and
therefore is invalid.  See Pl.'s Opp'n at 13.  The statute
provides that "[a] judgment for damages shall not be awarded
. . . unless the court determines that the plaintiff has
exhausted the administrative remedies available to such plaintiff
within the Internal Revenue Service." § 7433(d)(1).  The
regulation provides that "no action . . . shall be maintained"
absent exhaustion.  26 C.F.R. § 301.7433-1(d)(1).  Attempting to
draw a distinction between the two provisions that makes a
difference, Zook essentially argues that Congress intended to
allow a taxpayer to maintain an action for which there was no
possibility of relief.  Zook's argument is not supported by case
law, legislative history, or common sense.  See, e.g., Turner v.
United States, -- F. Supp. 2d. --, 2006 WL 1071852, *3 (D.D.C.
2006; Scott v. United States, 416 F. Supp. 2d 116, 118 (D.D.C.
2006); H. Rep. No. 105-364, pt. 1, at 59 (1997) ("No person is
entitled to seek civil damages for negligent, reckless, or

-9-

intentional disregard of the Code or regulations in a court of
law unless he first exhausts his administrative remedies.");
S. Rep. 105-74, at 49 (1998) (same). In any case, it is an
argument that -- regardless of Congressional intent -- cannot
stand in face of a motion to dismiss for failure to state a
claim.  Zook's argument that the regulation is excessive is
without merit.

<u>CONCLUSION</u>

Because Zook did not exhaust his administrative remedies and
therefore cannot state a claim upon which relief can be granted,
the government's motion to dismiss will be granted.  A separate
order accompanies this Memorandum Opinion.

SIGNED this 10th day of July, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge